UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAVID CHESTER FAULKNER #447456,

    Plaintiff,

v.                              3:11-cv-329

DERRICK SCHOFIELD, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**. All pending motions are **DENIED** as **MOOT**.

Under the Prisoner Litigation Reform Act, district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim

for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC) and incarcerated at the Morgan County Correctional Complex (MCCX). He alleges numerous violations of his civil rights. The defendants are Tennessee Governor Bill Haslam, TDOC Commissioner Derrick Schofield, former MCCX Warden David Osborne, numerous medical personnel at the prison, numerous prison officials, and numerous correctional officers. Plaintiff has also named as defendants the Roane County Medical Center and the Methodist Memorial Hospital. Plaintiff seeks compensatory and punitive damages.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). The Roane County Medical Center and the Methodist Memorial Hospital are subject to dismissal because they are not state actors.

2

With respect to the prison officials and officers, a state official may be held personally liable under §1983 in his individual capacity for actions taken in his official capacity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Pursuant to the Eleventh Amendment, however, if a defendant is sued only in his official capacity and only for money damages, then that defendant is entitled to absolute immunity under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 65 (1989); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

In *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989), the Sixth Circuit held that an inmate seeking damages under 42 U.S.C. §1983 must clearly set forth in his pleadings that he is suing a state official in an individual capacity and not merely in an official capacity:

> [T]he face of a complaint must indicate whether a plaintiff seeks to recover damages from defendants directly, or to hold the state responsible for the conduct of its employees. ... It is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually.
>
> . . .
>
> Accordingly, because the Eleventh Amendment places a jurisdictional limit on federal courts in civil rights cases against states and state employees, we understand Rule 9(a) [of the Federal Rules of Civil Procedure] to require plaintiffs to properly allege capacity in their complaint.

*Id*. at 593 (citations omitted). *See also Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993).

As noted by the Sixth Circuit, it is "preferable that plaintiffs explicitly state whether a defendant is sued in his or her '"individual capacity."'" *Moore v. Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (citation omitted). Nevertheless, if a plaintiff fails to do so, the Sixth Circuit has adopted "a 'course of proceedings' test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable." *Id*. Thus, a court must consider the complaint taken as whole, as well as "such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Id*. n.1 (citation omitted).

In this action, the face of the complaint does not state that the defendants are being sued in their individual capacity. From the allegations of the complaint, it appears that plaintiff seeks to hold the defendants liable in their official capacity because he alleges a systemic problem at MCCX regarding the treatment of inmates there. This is underscored by the fact that plaintiff has included as defendants the Governor of the State of Tennessee and the Commissioner of the Tennessee Department of Correction.

Accordingly, the court will presume that the state defendants are sued in their official capacity only. That being the case, the defendants are entitled to absolute immunity from an award of money damages in this action. As noted, pursuant to the Prison Litigation Reform Act, the court must dismiss a complaint if the action "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2).

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the complaint is subject to dismissal under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the

5

preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Morgan County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

    **ENTER:**

                                                    s/ Thomas W. Phillips
                                          United States District Judge